Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
4424 Bellingham Avenue
Studio City, CA 91604
Tel: (310) 709-3966
Email: stanley.a@gitmeidlaw.com

*Attorney for Plaintiff Maria Magana*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| MARIA MAGANA,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE MOORE LAW GROUP, A<br>PROFESSIONAL CORPORATION; and<br>CITIBANK, N.A.,<br><br>                    Defendant(s). | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff, Maria Magana (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid, P.C. ("Gitmeid"), hereby brings suit against Defendants The Moore Law Group, a Professional Corporation ("Moore") and Citibank, N.A. ("Citibank"), (together "Defendants"), and further alleges as follows:

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT

("Rosenthal Act"), CA CIVIL § 1788, et seq., and for breach of contract. The FDCPA prohibits debt collectors and debt buyers from engaging in abusive, deceptive, and unfair collection practices. The Rosenthal Act also prohibits debt collectors and creditors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## **PARTIES**

2. Plaintiff, Maria Magana, is an adult citizen of the city of San Bernardino, located in San Bernardino County, California.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Moore is a professional corporation formed under the laws of the State of California, with its principal place of business located at 3710 S. Susan St., Ste 210, Santa Ana, CA 92704.

5. Defendant Citibank is a national banking association that conducts business in California and whose principal place of business is located at 5800 South Corporate Place, Sioux Falls, SD 57104.

6. Defendants Moore and Citibank are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## **JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for the related state law claims set forth herein under 28 U.S.C. § 1367.

8. The Court's exercise of personal jurisdiction over Defendants is valid because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in San Bernardino County, California, within this judicial district

## **FACTUAL ALLEGATIONS**

10. On or about January 15, 2021, Plaintiff entered into a settlement agreement, via Stipulated Agreement, with Citibank, to settle her Citibank account ending in 4626. A copy of the stipulation agreement memorializing the terms is attached hereto as **Exhibit A**.

11. Pursuant to the terms of the agreement, Plaintiff was required to make twenty-four (24) monthly payments, totaling $9,090.00, with the first payment due by January 20, 2021.

12. Pursuant to the agreement, Plaintiff made nineteen (19) monthly payments totaling $8,346.00, between January 19, 2021, through July 15, 2022, via an online portal on Moore's website. Proof of these payments is attached hereto as **Exhibit B**.

13. On July 21, 2022, Plaintiff's representative set up the five (5) remaining payments for August 2022 through December 2022. The first four (4) of these payments posted pursuant to the agreement. Proof of these payments is attached hereto as **Exhibit C**.

14. In total, the first twenty-three (23) payments posted pursuant to the agreement.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT

15. Immediately after realizing the final settlement payment in December 2022 had not been collected by Moore, Plaintiff's representative left voicemails with Moore on February 1, 2023, and February 15, 2023.

16. On February 20, 2023, Plaintiff's representative called Moore to discuss the account. Moore stated that due to the missed December 2022 payment, the settlement was void. Plaintiff's representative advised Moore that all of the remaining payments had been set up on Moore's online portal on July 21, 2022, that the preceding four payments had successfully posted using the same bank and account information, and that the requisite funds were available for collection. Plaintiff's representative also requested to reset the final payment that day to complete the settlement. Moore again stated that the settlement was void and the account required renegotiation.

17. On March 15, 2023, Plaintiff's representative called Moore to discuss the account and final settlement payment. Plaintiff's representative informed Moore that the bank processing Plaintiff's settlement payments advised that the December 15, 2022, payment was never collected by Moore nor returned. Plaintiff's representative requested that Moore provide a proof of returned payment, but Moore was unable or unwilling to do so.

18. On the same call, Moore stated that the account had been reviewed by a manager, that the settlement was void, and that they were unable to reinstate the agreement for the final settlement payment.

19. On or about May 5, 2023, Plaintiff's representative spoke with an attorney at Moore about the account and requested to make the final payment of $744.00 to complete the settlement. Moore stated that they would further review the account.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT

20. Plaintiff's representative followed up with Moore via email and voicemail on May 10, 2023, and May 23, 2023, respectively, but has received no response concerning this account.

21. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for federal law and Plaintiff's rights.

## **COUNT 1**

### (Violation of the FDCPA)

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. The contacts between Defendant Moore and Plaintiff described and set forth hereinabove constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and  1692a(5) of the FDCPA.

25. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

26. Defendant Moore engaged in abusive, deceptive, and unfair collection practices where Moore failed to honor the valid settlement agreement made between Plaintiff and Defendant Citibank.

27. Defendant Moore violated the above provisions of the FDCPA where Moore unfairly failed to accept the December 15, 2022, payment as per the terms of the settlement agreement.

28. Defendant Moore violated the above provisions of the FDCPA where Moore misrepresented the account balance by claiming the settlement was void and required renegotiation.

29. Defendant Moore knew or should have known that its actions violated the FDCPA. Additionally, Defendant Moore could have taken the steps necessary to bring its actions into compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

30. As a result of the above violations of the FDCPA, Defendant Moore is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## COUNT 2

### (Violation of the Rosenthal Act)

31. Plaintiff hereby reasserts and incorporates herein by reference all facts and allegations set forth above.

32. It is the purpose of the California Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act") to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified at CA CIVIL § 1788.1(b).

33. The term "debt collector" is defined by the Rosenthal Act as any person who, in the ordinary course of business, regularly, on the behalf of themselves or others, engages in debt collection. CA CIVIL § 1788.2 (c).

34. Defendants Citibank and Moore, and each of them, constitute a "debt collector" as defined by CA CIVIL § 1788.2(c).

35. The term "creditor" means a person who extends consumer credit to a debtor. CA CIVIL § 1788.2(i).

36. Defendant Citibank is a "creditor" under CA CIVIL § 1788.2(i).

37. Defendants' actions constitute a violation of the Rosenthal Act where Citibank, through its agent Moore, unfairly failed to accept the December 15, 2022, payment as per the terms of the settlement agreement.

38. Defendants' actions constitute a violation of the Rosenthal Act where Citibank, through its agent Defendant Moore, misrepresented the account balance by claiming the settlement was void and required renegotiation.

39. Defendants Citibank and Moore knew or should have known that their actions violated the Rosenthal Act. Additionally, Defendants Citibank and Moore could have taken the steps necessary to bring their actions within compliance with the Rosenthal Act but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

40. As a result of the above violations, Defendants Citibank and Moore, and each of them, are liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## **COUNT 3**

(Breach of Contract)

41. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

42. On or about January 15, 2021, Plaintiff entered into a legally binding and enforceable settlement agreement, via Stipulated Agreement, with Citibank to settle her Citibank account ending in 4626.

43. Pursuant to the terms of the agreement, Plaintiff was required to make twenty-four (24) monthly payments, totaling $9,090.00, with the first payment due by January 20, 2021.

44. Pursuant to the agreement, Plaintiff made nineteen (19) monthly payments totaling $8,346.00, between January 19, 2021, through July 15, 2022, via an online portal on Moore's website.

45. On July 21, 2022, Plaintiff's representative submitted the five (5) remaining payments for August 2022 through December 2022. The first four (4) of these payments posted pursuant to the agreement.

46. In total, the first twenty-three (23) payments posted pursuant to the agreement.

47. Defendant Citibank's actions constitute a breach of contract when Moore, on Citibank's behalf, improperly failed to accept the December 15, 2022, payment as per the terms of the settlement agreement.

48. Defendant Citibank's actions constitute a breach of contract where Citibank's agent, Moore, attempted to renegotiate Plaintiff's account ending in 4626.

49. As a result of Defendant Citibank's breach of contract, Plaintiff has suffered actual and monetary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Maria Magana, demands that judgment be entered against the Defendants as follows:

1) That judgment be entered against Defendant Moore for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant Moore for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against Defendant Citibank for actual damages pursuant to CA CIVIL § 1788.30(a);

5) That judgment be entered against Defendant Citibank for statutory damages pursuant to California Civil Code § 1788.30(b);

6) That the Court award costs and reasonable attorney's fees and costs pursuant to CA CIVIL § 1788.30(c);

7) That judgment be entered against Defendant Citibank for actual and monetary damages accrued by Plaintiff as a result of Defendant Citibank's breach of contract; and

8) That the Court grant such other and further relief as may be just and proper.

Dated: June 1, 2023

Respectfully Submitted,

Stanley R. Apps, Esq.
Associate Attorney
Law Offices of Robert S. Gitmeid, P.C.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT

1    4424 Bellingham Avenue
2    Studio City, CA 91604
     (310) 709-3966
3    Stanley.a@gitmeidlaw.com
     Attorney for Plaintiff Maria Magana
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28